UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

DEHAINA BAILEY, by his mother and natural guardian Marcia Murray,

                                 Plaintiff,

-against-

THE CITY OF NEW YORK, "JOHN DOE 1-5, the names being fictitious and presently unknown, being Police Officers employed by the City of New York,

                                 Defendants.

**ANSWER TO COMPLAINT**

07 CV 7781 (WHP)

Jury Trial Demanded

------------------------------------------------------------------ x

       Defendant, The City of New York, by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows:

       1.    Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to seek the relief as stated therein.

       2.    Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to bring this action as stated therein and that plaintiff purports to invoke the Court's jurisdiction as stated therein.

       3.    Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purports to base venue as stated therein.

       4.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the complaint.

       5.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint.

6. Denies the allegations set forth in paragraph "6" of the complaint, except admits that the City of New York is a municipal corporation and that the City of New York maintains a police department and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified officers.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint regarding unidentified officer John Doe 1, except admits that the 47th Precinct of the New York City Police Department is in the Bronx, New York.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint regarding unidentified officer John Doe 2, except admits that the 47th Precinct of the New York City Police Department is in the Bronx, New York.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint regarding unidentified officers John Doe 3 through 5, except admits that the 47th Precinct of the New York City Police Department is in the Bronx, New York.

10. That the allegations set forth in paragraph "10" of the complaint constitute conclusions of law rather than averments of fact, and accordingly, no response is required.

11. That the allegations set forth in paragraph "11" of the complaint constitute conclusions of law rather than averments of fact, and accordingly, no response is required.

12. Denies the allegations set forth in paragraph "12" of the complaint, except admits that a document purporting to be a Notice of Claim was received by the Office of the Comptroller on or about October 16, 2006.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint, except admits that a document purporting to be a Notice of Claim was sworn to and signed by Marcia Murray and listed the name and address of claimant's attorney as "Getz & Braverman, P.C., 172 E. 161 St., Bronx, New York 10451".

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint and respectfully refers the Court to the purported Notice of Claim for a full statement of its contents.

15. Admits the allegations set forth in paragraph "15" of the complaint.

16. Denies the allegations set forth in paragraph "16" of the complaint, except admits that the claim has not been adjusted.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint, except admits the Complaint in this action was filed on or about August 31, 2007.

18. Denies the allegations set forth in paragraph "18" of the complaint, except admits that Dehaina Bailey was lawfully arrested on September 27, 2006 at or around East 211 Street and Carlysle Place, Bronx, New York.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint, except admits that Mr. Bailey was found in a storage shed after being implicated in a cell phone robbery.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint, except admits that Mr. Bailey was discovered in the storage shed by police officers.

21. Denies the allegations set forth in paragraph "21" of the complaint.

22. Denies the allegations set forth in paragraph "22" of the complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint.

24. Denies the allegations set forth in paragraph "24" of the complaint.

25. Denies the allegations set forth in paragraph "25" of the complaint, except admits that Mr. Bailey was transported to the 47th Precinct.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint, except admits that Mr. Bailey was treated at Montefiore Medical Center on or about October 1, 2006.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the complaint, except admits that Mr. Bailey was admitted to Montefiore Medical Center.

30. Denies the allegations set forth in paragraph "30" of the complaint.

31. Denies the allegations set forth in paragraph "31" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's alleged injuries.

32. Denies the allegations set forth in paragraph "32" of the complaint.

33. In response to the allegations set forth in paragraph "33" of the complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

34. That the allegations set forth in paragraph "34" of the complaint constitute conclusions of law rather than averments of fact, and accordingly, no response is required.

35. Denies the allegations set forth in paragraph "35" of the complaint.

36. In response to the allegations set forth in paragraph "36" of the complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

37. Denies the allegations set forth in paragraph "37" of the complaint.

38. Denies the allegations set forth in paragraph "38" of the complaint.

39. In response to the allegations set forth in paragraph "39" of the complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

40. Denies the allegations set forth in paragraph "40" of the complaint.

41. Denies the allegations set forth in paragraph "41" of the complaint.

42. In response to the allegations set forth in paragraph "42" of the complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

43. Denies the allegations set forth in paragraph "43" of the complaint.

44. Denies the allegations set forth in paragraph "44" of the complaint.

45. In response to the allegations set forth in paragraph "45" of the complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

46. Denies the allegations set forth in paragraph "46" of the complaint.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. Denies the allegations set forth in paragraph "48" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

49. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

50. Defendant City of New York has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has defendant violated any Act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

51. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the conduct of intervening third parties and was not the proximate result of any act of the Defendant City of New York.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

52. At all times relevant to the acts alleged in the complaint, Defendant City of New York an its agents and officials acted reasonably in the proper and lawful exercise of their discretion. Therefore, Defendant City of New York is entitled to governmental immunity from liability.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

53. Punitive damages cannot be recovered from Defendant City of New York.

### AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE:

54. Plaintiff's claims may be barred in whole or in part by the applicable limitations period.

### AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE:

55. Plaintiff's claims may be barred in whole or in part by the doctrines of *res judicata* and/or collateral estoppel and/or the Rooker-Feldman doctrine.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:

56. There was probable cause for plaintiff's arrest and prosecution

**WHEREFORE,** Defendant City of New York. requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      November 19, 2007

                      MICHAEL A. CARDOZO
                      Corporation Counsel
                      of the City of New York
                      Attorney for Defendant City of New York
                      100 Church Street, Room 6-307
                      New York, New York 10007
                      (212) 788-6405

By: _/s/ Meghan Cavalieri_
     Meghan A. Cavalieri (MC 6758)
     Assistant Corporation Counsel
     Special Federal Litigation Division

TO:   <u>Via ECF and FAX</u>
      Matthew Flamm, Esq.
      The Law Office of Matthew Flamm
      26 Court Street, Suite 600
      Brooklyn, NY 11242
      Fax: (718) 522-2026

07 CV 7781 (WHP)(FM)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEHAINA BAILEY, by his mother and natural guardian Marcia Murray,

                    Plaintiff,

-against-

THE CITY OF NEW YORK, "JOHN DOE 1-5, the names being fictitious and presently unknown, being Police Officers employed by the City of New York,

                    Defendants.

## ANSWER TO COMPLAINT ON BEHALF OF THE CITY OF NEW YORK,

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant The City of New York*
*100 Church Street*
*New York, New York 10007*

*Of Counsel: Meghan A. Cavalieri*
*Tel: (212) 788-6405*

*Due and timely service is hereby admitted.*

*New York, N.Y. ............................................, 2007*

*...................................................................Esq.*

*Attorney for.........................................................*