UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

DEHAINA BAILEY, by his mother and natural guardian
Marcia Murray,

                                  Plaintiff,

-against-

THE CITY OF NEW YORK, DENNIS O'SULLIVAN,
JOSEPH BURKE, and "JOHN DOE 1-4", the names being
fictitious and presently unknown, being Police Officers
employed by the City of New York,

                                  Defendants.

------------------------------------------------------------------- x

**ANSWER TO FIRST AMENDED COMPLAINT ON BEHALF OF DEFENDANTS CITY OF NEW YORK, O'SULLIVAN AND BURKE**

07 CV 7781 (WHP)

Jury Trial Demanded

       Defendants, The City of New York, Dennis O'Sullivan and Joseph Burke, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the amended complaint[1], respectfully allege, upon information and belief, as follows:

       1.     Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to seek the relief as stated therein.

       2.     Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to bring this action as stated therein and that plaintiff purports to invoke the Court's jurisdiction as stated therein.

       3.     Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to base venue as stated therein.

---

[1] Defendants respectfully note that the Court ordered that amended pleading be filed in this matter by January 31, 2008, however, a review of the docket indicates that plaintiff's first amended complaint has not been filed with the court to date. Upon information and belief, the individual defendants were served with a copy of the first amended complaint on or about February 1, 2008 therefore this answer is submitted on their behalf as well as the City of New York.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the complaint.

5. Deny the allegations set forth in paragraph "5" of the complaint, except admit that the City of New York is a municipal corporation and that the City of New York maintains a police department and that Dennis O'Sullivan and Joseph Burke were, at the time of the occurrence, and are currently employed by the New York City Police Department. Deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified officers.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that on September 27, 2006 Dennis O'Sullivan and Joseph Burke were employed by the City New York as a police officer and sergeant assigned to the 47 precinct.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint regarding unidentified officer John Doe 1-4, except admit that the 47th Precinct of the New York City Police Department is in the Bronx, New York.

8. That the allegations set forth in paragraph "8" of the complaint constitute conclusions of law rather than averments of fact, and accordingly, no response is required.

9. That the allegations set forth in paragraph "9" of the complaint constitute conclusions of law rather than averments of fact, and accordingly, no response is required.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that a document purporting to be a Notice of Claim was received by the Office of the Comptroller on or about October 16, 2006.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint, except admit that a document purporting to be a Notice of Claim was sworn to and signed by Marcia Murray and listed the name and address of claimant's attorney as "Getz & Braverman, P.C., 172 E. 161 St., Bronx, New York 10451".

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint and respectfully refers the Court to the purported Notice of Claim for a full statement of its contents.

13. Admit the allegations set forth in paragraph "13" of the complaint.

14. Deny the allegations set forth in paragraph "14" of the complaint, except admit that the claim has not been adjusted.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint, except admit the Complaint in this action was filed on or about August 31, 2007.

16. Deny the allegations set forth in paragraph "16" of the complaint, except admit that Dehaina Bailey was lawfully arrested on September 27, 2006 at or around East 211 Street and Carlysle Place, Bronx, New York at approximately 9:00 p.m.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint, except admit that Mr. Bailey was found in a storage shed near the above-mentioned location after being implicated in a cell phone robbery.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint regarding unidentified officers, except admit that Mr. Bailey was discovered in the storage shed by police officers.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint, except admit that Mr. Bailey was handcuffed.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint regarding unidentified officers, except admit that Sergeant Burke was in or near the shed at the time of plaintiff's arrest.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint, except admit that Mr. Bailey was transported to the 47th Precinct.

24. Admit that plaintiff was arraigned on or about September 29, 2007 and was released on his own recognizance.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the complaint, except admit that Mr. Bailey was treated at Montefiore Medical Center on or about October 1, 2006.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint, except admit that Mr. Bailey was admitted to Montefiore Medical Center.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint, except Deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's alleged injuries.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. In response to the allegations set forth in paragraph "31" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

32. That the allegations set forth in paragraph "32" of the complaint constitute conclusions of law rather than averments of fact, and accordingly, no response is required.

33. Deny the allegations set forth in paragraph "35" of the complaint.

34. In response to the allegations set forth in paragraph "34" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. In response to the allegations set forth in paragraph "37" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. In response to the allegations set forth in paragraph "42" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. In response to the allegations set forth in paragraph "43" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. Deny the allegations set forth in paragraph "46" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

47. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

48. Defendants City of New York, O'Sullivan and Burke have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any Act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

49. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the conduct of intervening third parties and was not the proximate result of any act of the Defendants City of New York, O'Sullivan or Burke.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

50. At all times relevant to the acts alleged in the complaint, Defendants City of New York, O'Sullivan and Burke an its agents and officials acted reasonably in the proper and lawful exercise of their discretion. Therefore, Defendant City of New York is entitled to governmental immunity from liability.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

51. Punitive damages cannot be recovered from Defendant City of New York.

### AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE:

52. Plaintiff's claims may be barred in whole or in part by the applicable limitations period.

### AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE:

53. Plaintiff's claims may be barred in whole or in part by the doctrines of *res judicata* and/or collateral estoppel and/or the Rooker-Feldman doctrine.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

54. There was probable cause for plaintiff's arrest and prosecution

### AS AND FOR AN A NINTH AFFIRMATIVE DEFENSE:

55. Dennis O'Sullivan and Joseph Burke have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

**WHEREFORE,** Defendants City of New York, O'Sullivan and Burke request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       February 11, 2008

                                      MICHAEL A. CARDOZO
                                      Corporation Counsel
                                      of the City of New York
                                      Attorney for Defendants City of New York,
                                      O'Sullivan and Burke
                                      100 Church Street, Room 6-307
                                      New York, New York 10007
                                      (212) 788-6405

                          By:   */s/ Meghan Cavalieri*
                                      Meghan A. Cavalieri (MC 6758)
                                      Assistant Corporation Counsel
                                      Special Federal Litigation Division

TO:    <u>Via ECF and Mail</u>
        Matthew Flamm, Esq.
        The Law Office of Matthew Flamm
        Attorney for Plaintiff
        26 Court Street, Suite 600
        Brooklyn, NY 11242
        Fax: (718) 522-2026

07 CV 7781 (WHP)(FM)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEHAINA BAILEY, by his mother and natural guardian Marcia Murray,

                    Plaintiff,

-against-

THE CITY OF NEW YORK, DENNIS O'SULLIVAN, JOSEPH BURKE, and "JOHN DOE 1-4", the names being fictitious and presently unknown, being Police Officers employed by the City of New York,

                    Defendants.

**ANSWER TO AMENDED COMPLAINT ON BEHALF OF DEFENDANTS THE CITY OF NEW YORK, O'SULLIVAN and BURKE**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants The City of New York, O'Sullivan and Burke*
*100 Church Street*
*New York, New York 10007*

*Of Counsel: Meghan A. Cavalieri*
*Tel: (212) 788-6405*

*Due and timely service is hereby admitted.*

*New York, N.Y.* ............................................, *2008*

............................................................. *Esq.*

*Attorney for* ..........................................................