UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

DEHAINA BAILEY,

                Plaintiff,

   - against -

THE CITY OF NEW YORK, DENNIS
O'SULLIVAN, JOSEPH BURKE, and "JOHN
DOE 1-4," the names being fictitious and
presently unknown, being Police Officers
employed by the City of New York,

                Defendants.

---------------------------------------------------------------x

FIRST AMENDED COMPLAINT
07 Civ. 7781 (WHP)(FM)

**Jury Trial Demanded**

Dehaina Bailey, by his attorney, Matthew Flamm, alleges the following upon information and belief as his First Amended Complaint:

### Nature of the Action

1.    This civil rights action arises from the September 27, 2006 assault of Dehaina Bailey, who was sixteen years of age at the time, by New York City Police Officers. Mr. Bailey suffered a broken jaw necessitating surgery. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §2201 as well as compensatory and punitive damages for violation of his civil rights under 42 U.S.C. §1983.

### Jurisdiction and Venue

2.    This action arises under the United States Constitution and 42 U.S.C. §1983. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1343(3). Plaintiff asserts jurisdiction over the City of New York under 28 U.S.C. §1367. Plaintiff requests that this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as do plaintiff's federal claims.

3.    Under 28 U.S.C. §1391(b) and (c), venue is proper in the Southern District of New York because the events giving rise to this action occurred in that judicial District.

Parties

4. Plaintiff Dehaina Bailey is a citizen of the United States of America residing in the City and State of New York, County of Bronx.

5. Defendant CITY OF NEW YORK is a Municipal Corporation within New York State. Pursuant to §431 of its Charter, the City of New York has established and maintains the New York City Department of Police as a constituent department or agency. At all times relevant, the City of New York employed the Police personnel involved in the incident underlying this lawsuit.

6. Defendants DENNIS O'SULLIVAN and JOSEPH BURKE, were at all times relevant duly appointed and acting employees of the New York City Police Department and detectives assigned to the 47th Precinct in the Bronx.

7. Defendants JOHN DOE 1-4 (together with defendants O'Sullivan and Burke, collectively referred to as the "individual defendants"), were at all times relevant duly appointed and acting employees of the New York City Police Department assigned to the 47th Police Precinct in the Bronx, New York.

8. At all times relevant, the individual defendants were acting under color of state law.

9. The individual defendants involved in the incidents underlying this lawsuit were, at all times relevant, agents, servants and employees acting within the scope of their employment by defendant City of New York.

Notice of Claim

10. On or about October 12, 2006, and within ninety days after the claims arose, plaintiff filed a Notice of Claim upon defendant the City of New York, by delivering copies thereof to the person designated by law as a person to whom such claims may be served.

11. The Notice of Claim was in writing and was sworn to by the plaintiff, and contained the name and post office address of the plaintiff and plaintiff's attorney.

12. The Notice of Claim set out the nature of the claims, the time when, the place where and manner by which the claims arose, and the damage and injuries claimed to have been sustained.

13. The New York City Comptroller's Office assigned the case Claim Number 2006PI025560.

14. The City of New York has neglected and failed to adjust the claims within the statutory time period.

15. This action was commenced within one year and ninety days after the happening of the event upon which the claims are based.

## Facts Underlying Plaintiff's Claims for Relief

16. On September 27, 2006 at approximately 9:00 p.m. at and around 761 East 211th Street in the Bronx, New York, the individual defendants, or some of them, lawfully arrested Dehaina Bailey but then unlawfully beat him.

17. Mr. Bailey was at that time and place hiding in a large darkened storage shed. He was wanted as a suspect in the attempted theft of a cell phone.

18. He was discovered there by at least two of the individual defendants, who were using flashlights.

19. Mr. Bailey stood up and announced himself and his surrender. He presented himself with his hands raised and offering no resistance.

20. Defendant O'Sullivan then slammed plaintiff to the ground and Mr. Bailey was then handcuffed while on his belly.

21. Additional police officers were present, including defendants Burke and John Does 1-4.

22. As he was being turned over, more than one of the individual defendants struck Mr. Bailey in his forehead and then about the stomach. face and head with fists and/or objects.

23. Mr. Bailey was then transported to the 47th Precinct Stationhouse. His requests for medical care were ignored or denied.

24. On or about September 29, 2007, he was arraigned and released on his own recognizance.

25. Mr. Bailey's jaw remained painful and swollen. Beginning on October 1, 2006, he sought and received medical care at Montefiore Hospital.

26. He was found with a minimally displaced comminuted (fragmented) fracture of the left mandible. His left face was swollen and he was unable to open his mouth to 2 cm. The fracture caused malocclusion, or misalignment, of Mr. Bailey's teeth.

27. Dehaina Bailey was admitted to Montefiore Hospital. On October 4, 2006, he underwent a successful maxillary-mandibular fixation surgery with application of arch bars (metal supports affixed to the jaw or teeth) and wires.

28. None of the individual defendants, despite having a reasonable opportunity to do so, took action to prevent or end the use of force or to truthfully report it.

29. In addition to physical injuries, pain and the resulting disabilities and limitations, Mr. Bailey suffered emotional upset, shock, fright and deprivation of his constitutional rights, among other injuries.

30. At all times relevant, and in using force on Mr. Bailey, the individual defendants acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to plaintiff's rights and physical and mental well-being.

FIRST CLAIM FOR RELIEF FOR
VIOLATING PLAINTIFF'S RIGHT TO BE FREE
FROM UNREASONABLE FORCE UNDER THE FOURTH AND
FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

31. Plaintiff repeats the allegations of paragraphs 1-30 above as though fully stated herein.

32. By the actions described above, defendant O'Sullivan and other individual defendants, deprived Mr. Bailey of his rights secured by the Constitution and laws of the United States in violation of 42 U.S.C. §1983, including, but not limited to his right to be free from excessive and unreasonable force.

33. As a consequence thereof, Dehaina Bailey has been injured.

SECOND CLAIM FOR RELIEF FOR RELIEF FOR ASSAULT

34. Plaintiff repeats the allegations of paragraphs 1-30 as though fully stated herein.

35. By the actions described above, Mr. Bailey was intentionally placed in apprehension of imminent harmful and offensive contact.

36. As a consequence thereof, Dehaina Bailey has been injured.

THIRD CLAIM FOR RELIEF FOR BATTERY

37. Plaintiff repeats the allegations of paragraphs 1-30 as though fully stated herein.

38. By the actions described above, Mr. Bailey was intentionally touched in a harmful and offensive manner.

39. As a consequence thereof, Dehaina Bailey has been injured.

## FOURTH CLAIM FOR RELIEF FOR FAILURE TO INTERVENE TO PREVENT THE VIOLATION OF PLAINTIFF'S CIVIL RIGHTS

40. Plaintiff repeats the allegations of paragraphs 1-30 as though fully stated herein.

41. Defendant Burke and John Doe 1-4, and each of them, failed to intervene to prevent, end or truthfully report the unlawful conduct to which Mr. Bailey was subjected, despite having a reasonable opportunity to do so.

42. As a consequence thereof, Dehaina Bailey has been injured.

## FIFTH CLAIM FOR RELIEF FOR NEGLIGENCE

43. Plaintiff repeats the allegations of paragraphs 1-30 as though fully stated herein.

44. The acts complained of herein resulted from defendant City of New York, through its agents, servants and employees, breaching its duty properly to train, supervise or discipline its law enforcement personnel, including training, supervising or disciplining individual Police personnel who unlawfully use force on suspects..

45. The defendant City of New York's failure properly to train, supervise or discipline its Police personnel, including the individual defendants involved herein, constitutes acquiescence in and tolerance of ongoing unconstitutional uses of force and arrests and allowed the individual defendants to believe that they could with impunity assault Mr. Bailey.

46. As a consequence thereof, Dehaina Bailey has been injured.

## Request for Relief

WHEREFORE, plaintiff respectfully requests that judgment be entered as follows:

(A) Declaratory relief as follows:
1. A declaration that plaintiff's right to be free from unreasonable and excessive force under the Fourth and

|   |   |
|---|---|
|   | Fourteenth Amendments of the United States Constitution was violated; |
| (B) | Compensatory damages in an amount to be fixed at trial; |
| (C) | By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages from the individual defendants in an amount to be fixed at trial; |
| (D) | An award to plaintiff of the costs and disbursements herein; |
| (E) | An award of attorney's fees under 42 U.S.C. §1988; and |
| (F) | Such other and further relief as this Court may deem just and proper. |

Dated: January 31, 2008
Brooklyn, New York

_____
MATTHEW FLAMM **MF1309**
 Attorney for Plaintiff
26 Court Street, Suite 600
Brooklyn, New York 11242
(718) 797-3117